**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-1225**

In re: CAPT. JAMES LINLOR,

        Petitioner.

On Petition for Writ of Mandamus.

Submitted: March 2, 2018

Decided: March 2, 2018

Before GREGORY, Chief Judge, and DIAZ and THACKER, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

James Linlor, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The CVRA applies to crime victims and defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). A crime victim is entitled to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights must be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." *Id.* If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." *Id.*

Petitioner maintains that he is entitled to relief under the CVRA as the victim of a felony sexual battery, committed in violation of Va. Code § 18.2-67.3 & 18.2-67.10, during a Transportation Security Administration (TSA) pat-down at Dulles airport, in Loudoun County, Virginia. Petitioner alleges that he effected a common-law arrest of the TSA screener in accordance with Virginia law but that Metropolitan Washington Airports Authority police, the Loudoun County Sheriff, and the Loudoun County Magistrate refused to accept custody, book the arrest, or conduct

2

a probable cause hearing. Petitioner seeks a writ of mandamus to: (1) compel the Loudoun County Sheriff to take his suspect into custody, book him, and transport him to a Loudoun County Magistrate and (2) compel the Loudoun County Magistrate to conduct a probable cause hearing which petitioner is entitled to attend under the CVRA.

Because petitioner alleges that he is the victim of a state offense, not "a Federal offense or an offense in the District of Columbia," he has not alleged that he is a "crime victim" within the meaning of the CVRA. *See* 18 U.S.C. § 3771(e)(2)(A). This court has jurisdiction to enforce the protections of the CVRA through mandamus review of a district judge's denial of those protections. The Act does not, however, give the court authority over state criminal prosecutions or mandamus jurisdiction over state or local officials. Petitioner has failed to assert the violation of any rights protected by the CVRA. His petition is, accordingly, dismissed.

*DISMISSED*